**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany A Jones,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Knight Transportation Incorporated,<br><br>　　　　　Defendant. | No. CV-23-00024-PHX-SMB<br><br>**ORDER** |

    Pending before the Court is Defendant's Motion to Compel Arbitration and Dismiss Action. (Doc. 17.) Plaintiff filed a response (Doc. 21), and Defendant filed a reply (Doc. 22). After reviewing the parties' arguments and the relevant law, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

    Plaintiff was employed as a recruiter for Defendant from July 2021 to February 2022. (Doc. 10-1.) In February 2022, Plaintiff's employment was terminated. (*Id.*) Plaintiff brought this action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. 10 at 3.) She alleges that she was terminated for making a complaint about discrimination in the workplace and that Defendant retaliated against her. (*Id.* at 4.) She also alleges that she was discriminated against on the basis of her race and religion. (*Id.*) Defendant responded by filing this Motion. (Doc. 17.)

## II.  LEGAL STANDARD

On a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), a district court decides (1) whether the parties formed a valid agreement to arbitrate, and, if so, (2) whether the agreement to arbitrate encompasses the underlying dispute. *Collins v. Macy's Inc.*, No. CV-19-02572-PHX-GMS, 2019 WL 5188749, at *2 (D. Ariz. Oct. 15, 2019). If both issues are answered in the affirmative, then the court must enforce the arbitration agreement. *Equal Employment Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. CV08-1207-PHX-NVW, 2009 WL 1259359, at *2 (D. Ariz. May 6, 2009). Arbitration agreements are construed under general state law contract principles. *Id.*

## III.  DISCUSSION

The Court must first analyze whether the parties formed a valid agreement. Defendant argues that Plaintiff voluntarily signed the Mandatory Arbitration Agreement ("the Agreement") as part of her onboarding process. (Doc. 17 at 1–2.) Defendant contends that Plaintiff's electronic signature on the agreement could only have been made by her or someone under her direction because it was in an online portal only Plaintiff could access using her personal username and password. (*Id.* at 2.) Plaintiff counters that she was "pressured to hurry and complete hiring paperwork due to business needs" and was not allowed to read documents before signing them. (Doc 21 at 1.) Specifically, she alleges she was forced to sign the Consent to Receive Electronic Communications Form ("the consent form") without reading it. (*Id.*)

Here, Defendant received and signed the Agreement through the online portal. (Doc. 17-1.) On the same day, she signed several other employment related documents using that same portal and login. (Doc. 17-2.) This is evidenced by Defendant's screenshots of the online portal and two declarations from a member of Defendant's Employee Relations team. (*See id.*; Doc. 22 at 2; Doc. 22-1.) These screenshots also show that the Agreement was kept in her file and was readily accessible to both Plaintiff and Defendant.

The consent form Plaintiff alleges she was forced to sign is not within this group of

documents. Rather, it is a consent to receive electronic communications, including an agreement that her electronic signature would serve as the "legally binding equivalent" to her handwritten signature. (*Id.* at 12.) Plaintiff signed the consent form on July 11, 2021—a day before she electronically signed the Agreement. (*Id.* at 10.) On this date, Plaintiff was not yet employed by Defendant. Therefore, her claim that she was "on a call with a driver" and when she received the consent form and was rushed to complete it is not credible. (*See* Doc. 21.)

Moreover, Plaintiff submits no evidence to support her claim that she was pressured to hurry and complete the remaining employment paperwork. (*See* Doc. 21.) And lastly, Plaintiff had sufficient time to review the Agreement prior to signing it. Although she signed it on July 12, 2021, she was not required to submit it until July 24, 2021—two days prior to her start date. (Doc. 22 at 2.) Taken together, these facts undercut Plaintiff's claim of duress or undue influence. (*See* Doc. 21.) Instead, they show that Plaintiff agreed to review and sign the onboarding documents electronically, then properly accessed the online system to do so.

Accordingly, the Court finds that the parties formed a valid agreement to arbitrate. Defendant made this offer as a condition of employment, which Plaintiff accepted. Both parties gave valid consideration by waiving their right to pursue a judicial forum and instead submit to arbitration. *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002). The facts and circumstances show that this was a valid agreement.

Next, the Court must analyze whether the Agreement encompassed this dispute. A Title VII plaintiff, like Plaintiff here, may only be forced to forego their statutory claims and arbitrate their claims if they knowingly agreed to submit such disputes to arbitration. *Prudential Ins. Co. of Am. v. Lai*, 42. F3d 1299, 1305 (9th Cir. 1994). Here, the scope of the Agreement includes any "past, current, and future disputes, controversies, or claims that would otherwise be brought in a federal, state, or local court or agency" arising out of Plaintiff's employment with Defendant. (*See* Doc. 17-1 at 2.) The Agreement even specifically includes claims brought under Title VII. (*Id.*) As such, the Agreement

encompasses the underlying dispute.

In summary, because the parties formed a valid agreement to arbitrate and the Agreement encompasses the underlying dispute, the Court will grant Defendant's Motion. This case will also be dismissed because all of Plaintiff's claims are subject to the Agreement. *Forrest v. Spizzirri*, 62 F.4th 1201, 1205–06 (9th Cir. 2023) (affirming district court decision compelling arbitration and dismissing case because all claims were subject to arbitration); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) ("We recognize that efficient docket management is often the basis for dismissing a wholly arbitrable matter."). However, this Order does not prevent the parties from filing a potential future action in federal court to enforce an arbitration award, if necessary.

## IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** granting Defendant's Motion to Compel Arbitration and Dismiss Action (Doc. 17).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 8th day of November, 2023.

Honorable Susan M. Brnovich
United States District Judge